## Jordan, et al. v. Cromwell, et al.

(Decided October 26, 1915.)

### Appeal from Hickman Circuit Court.

Judgment—Res Judicata.—A judgment, in an action in which all the defendants were before the court and had opportunity to, and some of them did, make defenses available to all, should not be vacated on the ground of fraud or overreaching in a suit brought for that purpose to set aside the judgment.

JOS. W. BENNETT, ROBBINS & ROBBINS and M. T. SHELBOURNE for appellants.

J. KELLY SMITH and R. B. FLATT for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming in part and reversing in part.

On May 9, 1912, the appellant, Jordan, brought a suit in equity against the heirs of Nace Cromwell, nine in number, to have sold as indivisible a tract of land containing thirty-four acres. The petition set out that Jordan had purchased the one-ninth interest each of Mattie Vaughn and Charles Cromwell in this piece of land and had obtained deeds therefor, and so these two heirs were not made parties to the suit. The prayer of the petition was for a sale of the land and a division of the proceeds between the seven heirs who each owned one-ninth and Jordan who owned, as he alleged, two-ninths.

Charles Cromwell, who had not been made a party to the suit, came into court on his petition to be made a party, and filed an answer in which he denied that he had sold his interest to Jordan, averring that the deed made

to Jordan was intended to be and should be treated as a mortgage to secure the payment of twenty dollars that te owed Jordan. He further denied that the land was indivisible and said that it could be divided without impairing the value of any interest.

Mattie Vaughn also filed her petition to be made a party, which was taken as her answer, and denied that she had sold to Jordan her interest in this land, averring that so much of the deed as purported to convey this interest was a fraud and without consideration. She also said that the land was susceptible of advantageous division.

These pleadings, which were made answers, were filed in October, 1912, and a few days afterwards Jordan filed separate replies to the answers, thus completing the issues, as the other heirs did not file answers although they were summoned.

In December, 1912, Charles Cromwell and Mattie Vaughn, as well as others in their behalf, testified in the case by deposition, and other witnesses also gave their depositions in Jordan's behalf.

In May, 1913, the case was submitted and the court adjudged that the land could not be divided; that Jordan was the owner of the one-ninth interest of Mattie Vaughn; that the deed made by Charles Cromwell to Jordan should have the effect of a mortgage to secure him in the payment of twenty dollars and interest; that the costs of the action, including an attorney's fee, should be paid out of the proceeds of the sale of the land, which was ordered to be sold as a whole on account of its indivisibility.

In October, 1913, and before the order of sale was executed, the nine Cromwell heirs filed their petition in equity asking that the judgment rendered in May be vacated and set aside on the ground that it was procured through fraud. This petition further set up the fact that Mattie Vaughn had not sold her interest to Jordan and that the land was susceptible of division; and, further, that the purported deed of Charles Cromwell to Jordan was in fact a mortgage.

The ground of fraud relied on was that some time in May, 1912, and before the suit was brought by Jordan, an agreement in writing was entered into between Jordan and the Cromwell heirs, in which it was set out that "we have agreed that we will have three disinterested men

divide Sarilda Cromwell's dower, and that F. E. Jordan is to pay all costs in the suit filed yesterday. Said division is to be made Tuesday, May 7, 1912; said men to be as follows: M. B. Willey, Joe Eberhard and Fred Scott.'' It was averred that the Cromwells were ignorant colored people, and resting in the belief that the land would be divided under the agreement, none of the heirs except Mattie Vaughn and Charles Cromwell gave any attention to the suit. They further said that it was also agreed that Jordan would dismiss the suit he had brought and pay the costs thereof, but by mistake this provision was not inserted in the written agreement. There were other averments showing the value of the land and that Jordan desired it to be sold in a body that he might purchase it for a sum greatly less than its real value, as they were not able to become the purchasers.

Jordan filed an answer in this suit, and evidence was taken on the issues made, and the court adjudged that the land was susceptible of division; that Jordan owned the interest of Mattie Vaughn therein and had a lien against the interest of Charles Cromwell to secure the payment of twenty dollars and interest. Commissioners were appointed to divide the land, and the cost was adjudged to be paid by the parties according to their interests. From so much of the judgment as ordered the land divided Jordan appeals and from so much of it as adjudged that Jordan owned the interest of Mattie Vaughn she appeals.

It will be observed that the only difference between the first and the second judgment is that the first judgment directed that the land be sold and the proceeds divided, while the second judgment directs the land to be divided, and the first judgment allowed an attorney fee of one hundred dollars and the second judgment did not allow any attorney fee.

It seems to us that the first judgment is conclusive upon all the parties to this suit. There is no substantial reason shown in the suit brought to vacate the judgment why it should be set aside, nor does the evidence taken in support of this last suit furnish any reason for disturbing the former judgment. Precisely the same issues were made in the first suit that were made in the last suit, and while it is true that all of the Cromwell heirs did not file answers in the first suit, the two answers that were filed set up distinctly the identical defense that the heirs

who had been summoned in the first suit but did not answer asserted in this last suit. The only new matter at all is that in relation to the agreement between Jordan and the heirs that the land should be divided, but. the first suit was filed several days after this agreement was entered into, and the fact that some of the heirs defended the first suit on the ground that the land could be divided without referring in any way to this agreement shows very clearly that the written agreement was abandoned by all parties.

Reading between the lines, there appear certain things that would persuade us to hold that the land was susceptible of division, but we do not feel authorized on mere suspicion to vacate a judgment duly entered upon issues made by the parties.

Counsel for Mattie Vaughn points out that the original deed executed by her to Jordan shows that some fraud was practiced by Jordan in the insertion in this deed of her conveyance of her interest in the dower, but the original deed is not in the record, and the decided weight of the evidence shows that the conveyance of this interest to Jordan was in the original deed at the time it was signed and acknowledged.

We think the court erred in modifying the first judgment. Wherefore, the second judgment entered is reversed on the appeal of Jordan and affirmed on the appeal of Mattie Vaughn, and on a return of the case the court will set aside the second judgment and direct the execution of the first judgment.